UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BRIGGS AND MORGAN, P.A.**,

        Creditor,

       -vs-                                     Case No. 13-MC-65

**MANLEY TOYS LTD.**,

        Debtor,

and

**KOHL'S CORPORATION,
KOHL'S DEPARTMENT STORES, INC.,
KOHL'S INDIANA, INC.,
KCA HOLDINGS,
KCA, LLC,
KOHL'S CARES, LLC,
KOHL'S ILLINOIS, INC.,
KOHL'S INDIANA, L.P.,
KOHL'S MICHIGAN, L.P.,
KOHL'S VALUE SERVICES, INC.,
KWAL, LLC,**

        Garnishees.

---

## DECISION AND ORDER

---

This matter is before the Court on Creditor Briggs and Morgan, P.A.'s ("Briggs") notice and application for a writ of garnishment pursuant to subchapter I of chapter 812 of the Wisconsin Statutes against the property of Manley Toys Ltd. (Manley). Briggs filed a copy of the Judgment by Default, entered on April 4, 2013,

by the United States District Court for District of Minnesota in *Briggs and Morgan, P.A. v. Manley Toys Limited,* Case Number 12-3199, awarding Briggs judgment in the amount of $503,024.03 against Manley. Briggs' non-earnings garnishment notice indicates that it claims the entire $503,024.03 amount of its April 4, 2013, Judgment against Manley.

In filing this miscellaneous action, Briggs relies on diversity jurisdiction pursuant to 28 U.S.C. § 1332. A federal court has a constant responsibility to ensure that it has jurisdiction. *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009).

In general, federal courts have diversity jurisdiction in actions where there is complete diversity of citizenship; that is, no plaintiff is a citizen of the same state as any defendant, and an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 547 (7th Cir. 2008). The amount in controversy is satisfied; however, Briggs provides no facts regarding its citizenship or that of the Defendant Garnishees, which include corporations, limited liability companies, and limited partnerships.

Civil Local Rule 8 (E.D. Wis.) provides:

> If a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. If any party is a corporation, the pleading or notice must identify both the state of incorporation and the state in which the corporation has its principal place of business**. If any**

> **party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.**

(Emphasis added).

As the party invoking federal jurisdiction, Briggs bears the burden of demonstrating that the jurisdictional requirements have been met. *See Muscarello v. Ogle Cnty. Bd. of Com'rs,* 610 F.3d 416, 425 (7th Cir. 2010). The burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

The citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where the corporation has its principal place of business; that is, the corporation's headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 91-97; *Ervin v. OS Rest. Servs.,* 632 F.3d 971, 979 (7th Cir. 2011).

For purposes of the diversity inquiry, the citizenship of every member of a limited liability company must be established by the party invoking federal jurisdiction. *See, e.g.*, *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007). It is essential to trace the citizenship of all investors through all levels, for example if one LLC invests in another LLC. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.,* 647 F.3d 684, 686 (7th Cir. 2011). A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen. *Am.'s Best Inns, Inc. v. Best Inns of*

*Abilene, L.P.,* 980 F.2d 1072, 1073 (7th Cir.1992) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990)). The citizenship of an individual is determined by the individual's domicile, not his or her residence. *See Am.'s Best Inns*, 980 F.2d at 1074.

In addition, if Briggs establishes that the Court has diversity jurisdiction over this matter; post-judgment proceedings to collect a judgment are governed by the law of the state in which the federal court issuing the judgment is located. Fed. R. Civ. P. 69(a)(1). *See Mendez v. Republic Bank,* 725 F.3d 651, 662 (7th Cir. 2013). The federal court issuing the judgment sits in Minnesota. Briggs has not explained why it is relying on Wisconsin's garnishment statutes. It may be that Minnesota law provides that the Wisconsin garnishment statutes apply under these circumstances. However, Briggs must explain the basis for its invocation of the Wisconsin garnishment statutes.

In the event that Briggs establishes that the Wisconsin garnishment statutes apply, Briggs has not alleged a basis to garnish non-wage amounts from the Garnishee Defendants. Under Wisconsin law, this type of garnishment allows a creditor to "proceed against any person who is indebted to or has any property in his or her possession or under his or her control belonging to such creditor's debtor;" it governs "all garnishment except the garnishment of earnings." Wis. Stat. § 812.01(1), (2). Briggs' motion must be amended to allege its basis for seeking writs of garnishment against the Garnishee Defendants; i.e., what debt(s) do the Garnishee Defendants owe to Manley or what property of Manley do the Garnishee Defendants possess?

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

On or before **December 30, 2013,** Briggs **MUST FILE** an amended motion and any additional papers that are consistent with this Decision and Order

Dated at Milwaukee, Wisconsin, this 27th day of November, 2013.

BY THE COURT:

/s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**