# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**BRIGGS AND MORGAN, P.A.,**

        Creditor,

    **-vs-**

**MANLEY TOYS LTD.,**

        Debtor,                   **Case No. 13-Misc-65**

and

**KOHL'S CORPORATION,
KOHL'S DEPARTMENT STORES, INC.,
KOHL'S INDIANA, INC., and
KOHL'S ILLINOIS, INC.,**

        Garnishees.

---

## DECISION AND ORDER

---

This matter is before the Court on Creditor Briggs and Morgan, P.A.'s ("Briggs") notice and amended application for a writ of garnishment, pursuant to subchapter I of chapter 812 of the Wisconsin Statutes, against the property of Manley Toys Ltd. ("Manley"). Briggs is attempting to recover a $503,024.03 judgment by default entered in the United States District Court for Minnesota against Manley on April 4, 2013. (*See Briggs & Morgan, P.A. v. Manley Toys Limited*, Case No. 12-3199 (D. Minn. April 4, 2013)). (ECF No. 3.)

On November 27, 2013, this Court issued a Decision and Order that questioned: (1) the sufficiency of Briggs' allegations regarding the existence of diversity jurisdiction over this action; (2) whether Briggs was properly relying upon Wisconsin garnishment statutes; and, (3) the absence of allegations regarding the basis for Briggs seeking a writ of non-wage garnishment from the Garnishee Defendants. (ECF No. 4.)

In the wake of that order, on December 17, 2013, Briggs registered the Minnesota judgment in this District, pursuant to 28 U.S.C. § 1963. (ECF No. 5.) On December 19, 2013, Briggs filed an amended application for garnishment. (ECF No. 6.) The amendments include the voluntary dismissal of seven Garnishee Defendants named in the original application: KCA Holdings; KCA, LLC; Kohl's Cares, LLC; Kohl's Indiana, L.P.; Kohl's Michigan, L.P.; Kohl's Value Services, Inc.; and KWAL, LLC. Briggs also amended its application to assert that the Court has federal question jurisdiction in addition to diversity jurisdiction over the action. Additionally, the amended application states that Briggs' non-wage garnishment claim is based on the fact that Kohl's website, www.kohl's.com, has offered Manley products for sale and Kohl's may owe funds to Manley as the result of those sales.

Although not addressing a registered foreign judgment, the court of appeals for this circuit has held that proceedings to enforce a judgment against a third-party do not require an independent basis of federal jurisdiction if they are ancillary to the original action in which the judgment was entered. *Yang v. City of Chicago,* 137 F.3d

- 2 -

522, 525-26 (7th Cir. 1998) (holding that a Rule 69 proceeding against a third party, including an Illinois garnishment proceeding, was within the ancillary jurisdiction of the district court as long as "the additional proceeding does not inject so many new issues that it is functionally a separate case.") (quoting *Wilson v. City of Chicago,* 120 F.3d 681, 684 (7th Cir. 1997)). *See also Laborers' Pension Fund v. G.K. Harris, Ltd.*, 08 C 2594, 2008 WL 4067311, at *2 (N.D. Ill. Aug. 28, 2008) (a non-binding district court decision relying on *Yang,* 137 F.3d at 525, and stating "[a] federal court has both the ability and the jurisdiction to enforce its own judgments" as the basis for denying a Rule 12(b)(6) motion to dismiss a claim by the Plaintiffs (pension and welfare funds, their administrator, and a union) against the Defendants, G.K. Harris, Ltd., ("Ltd.") and Gerald K. Harris ("Harris"), which alleged Harris disregarded the corporate formalities and, consequently, was liable for the Plaintiffs' prior district money judgment against Ltd.).

Since this Court has ancillary subject matter jurisdiction[1] to enforce Briggs' federal judgment, it need not analyze Briggs' allegations regarding the citizenship of the parties for the purposes of diversity jurisdiction. However, because Briggs' representations regarding the citizenship of the Garnishment Defendants are based on information and belief, they are insufficient. *See Am.'s Best Inns, Inc. v. Best Inns of*

---

[1] Although Congress codified most of the common-law doctrine of ancillary jurisdiction under 28 U.S.C. § 1367 as part of supplemental jurisdiction, § 1367 did not affect common-law ancillary jurisdiction "over related *proceedings* that are technically separate from the initial case that invoked federal subject matter jurisdiction. This form of jurisdiction developed in case law as 'ancillary' or 'ancillary enforcement' jurisdiction." *See* 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice & Procedure* § 3523.2 (3d ed. 2008).

- 3 -

*Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

Federal Rule of Civil Procedure 69(a) incorporates state procedures for executing on a judgment. Thus, having registered the judgment, Briggs may invoke the Wisconsin non-earnings garnishment procedures of subchapter I of chapter 812 of the Wisconsin Statutes. Briggs has also stated a sufficient basis for seeking non-earnings garnishment from the Garnishee Defendants.

Relevant Wisconsin statutes refer to the clerk of court's issuance of a garnishment summons and an annexed complaint, rather than a writ of garnishment. *See* Wis. Stat. §§ 812.04 & 812.05. Therefore, the Court construes Briggs' application as a request that the Clerk of Court be directed to issue garnishment summonses, and will grant that request. Briggs must prepare the proper documents, and present them to the Clerk of Court for issuance.

Having fully considered the record before the Court, **IT IS HEREBY ORDERED THAT**:

Garnishee Defendants KCA Holdings; KCA, LLC; Kohl's Cares, LLC; Kohl's Indiana, L.P.; Kohl's Michigan, L.P.; Kohl's Value Services, Inc.; and KWAL, LLC are **DISMISSED** from this action;

Briggs's amended application for garnishment summonses (ECF No. 6) is **GRANTED**; and

The Clerk of Court is **DIRECTED** to issue garnishment summonses consistent with subchapter I of chapter 812 of the Wisconsin Statutes to the following Garnishee

- 4 -

Defendants:

  (1) Kohl's Corporation, N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051;

  (2) Kohl's Department Stores, N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051;

  (3) Kohl's Indiana, Inc. 3722 National Road E, Richmond, IN 47374; and

  (4) Kohl's Illinois, Inc., N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2014.

                          BY THE COURT:

                          **HON. RUDOLPH T. RANDA**
                          **U.S. District Judge**

- 5 -